IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

USCONNECT, LLC,

    Plaintiff,

v.

VENDORS EXCHANGE
INTERNATIONAL, INC. and
VENDORS EXCHANGE
INTERNATIONAL, LLC d/b/a
VE SOLUTIONS,

    Defendants.

1:26CV174

## **MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The issue before the court is straightforward: Should the court dismiss this action because USConnect, LLC ("USConnect") could have sought leave to amend its complaint in the 1:25CV692 civil action ("2025 Action") instead of filing this suit or should the court consolidate the two cases to allow all claims to move forward? The defendants have moved to dismiss this action, representing they would not oppose any motion by the plaintiff to amend. Mot. to Dismiss, Docket Entry 7. USConnect has moved to consolidate the cases. Mot. to Consolidate Cases, Docket Entry 11.

The parties agree that the claims belong together, albeit through different mechanisms: via amended complaint in the 2025 Action (the defendants) or consolidated actions (the plaintiff). Because the case law supports consolidation and it will not prejudice the parties or the court, the court should deny the motion to dismiss and grant the motion to consolidate.

I.     <u>BACKGROUND</u>

USConnect initially filed suit against the defendants on June 27, 2025, alleging various claims arising from their fractured business relationship. *See* 2025 Action. On February 27, 2026, rather than amending its Complaint in the 2025 Action, USConnect filed the instant action

("2026 Action") alleging various claims arising from the same fractured business relationship.

More specifically, in the 2025 Action, USConnect brings claims for breach of contract, contractual indemnification, misappropriation of trade secrets, common law unfair competition, unfair and deceptive trade practices, unjust enrichment, and breach of implied covenant of good faith and fair dealing — all in violation of North Carolina law, and misappropriation of trade secrets and passing off — both in violation of federal law. *See* generally Compl., Docket Entry 3, 1:25CV692.

In late 2025, "USConnect discovered that Defendants had been concealing their conversion of thousands (and potentially hundreds of thousands) of dollars that otherwise contractually belonged to USConnect." *See* Pl.'s Resp. to Defs.' Mot. to Dismiss ("Resp. to Mot. to Dismiss") at 1-2, Docket Entry 9, 1:26CV174. By this time, the defendants had moved to dismiss various claims in the 2025 Action and the motion had been referred for a recommended ruling.

On February 17, 2026, several months after its discovery of the defendants' "conversion" of money "that otherwise contractually belonged to USConnect," the plaintiff filed this action against the defendants for breach of contract, breach of the covenant of good faith and fair dealing, contractual indemnification,

and unjust enrichment. *See* Compl., Docket Entry 1.

The defendants have moved to dismiss this action because, as they argue, it involves improper claim-splitting. USConnect disagrees but nevertheless moves to consolidate the 2025 Action and 2026 Action.

II.     DISCUSSION

A. Dismissal is not warranted.

The doctrine of claim-splitting "prohibits a plaintiff from prosecuting its case piecemeal . . . ." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006), *aff'd*, 273 F. App'x 256 (4th Cir. 2008) (unpublished). This is precisely what the defendants argue USConnect is doing with its separate actions. They contend that this action "involve[s] the same parties" and "arise[s] out of the same transaction, the MSA" as the 2025 Action, and, as a result, "[t]he rule against claim splitting warrants dismissal of" this suit. Defs.' Br. in Supp. of Mot. to Dismiss ("Br. in Supp. of Mot. to Dismiss") at 4, Docket Entry 8 (citing *Sensormatic Sec. Corp.*, 452 F. Supp. 2d 621; *Smith v. Bank of the Carolinas*, No. 1:11CV1139, 2012 WL 4848993 (M.D.N.C. Oct. 11, 2012), *report and recommendation adopted*, 2013 WL 2156008 (M.D.N.C. May 17, 2013)). According to the defendants, USConnect should have sought leave to amend the complaint in the 2025 Action to add its new claims. *See id.* at 5. Because it

brought this second suit instead, the case should be dismissed.

USConnect disagrees. It argues that the defendants improperly applied federal claim-splitting law, whereas North Carolina law applies here. And North Carolina law does not bar this action. *See* Resp. to Mot. to Dismiss at 7-11 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Sensormatic Sec. Corp.*, 273 F. App'x at 261; *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006)).[1]

According to USConnect, North Carolina's "'common law rule against claim-splitting [is] based on the principle that all damages incurred as the result of a *single wrong* must be recovered in one lawsuit,'" but "'[w]here a plaintiff has suffered multiple wrongs at the hands of a defendant, a plaintiff may normally bring successive actions or, at his option, may join several claims together in one lawsuit.'" *Id.* at 10 (quoting *Bockweg v. Anderson*, 428 S.E.2d 157, 161 (N.C. 1993)). In addition, "North Carolina's preclusion law will not bar a subsequent claim where the subsequent claim was not known at the time of the original suit." *Id.* (citing *Zapata Hermanos Sucesores S.A. de C.V. v. Fein*, No. 3:07-CV-441, 2008 WL 1944536, at *1 (W.D.N.C. Apr. 30, 2008)). Nevertheless,

USConnect argues that applying the "transactional approach" to claim-splitting, as do the defendants, also supports its position that dismissal is not warranted. *Id.* at 11-15.

The defendants reply that the cases USConnect cites apply state claim *preclusion* law in diversity cases. *See* Defs.' Reply in Supp. of Mot. to Dismiss at 3, Docket Entry 13. But when the court in *Sensormatic Sec. Corp.* decided the issue of claim-*splitting*, it applied federal law. *Id.* at 3-4 (citing *Sensormatic Sec. Corp.*, 273 F. App'x at 265).

Ultimately, the court need not resolve the claim-splitting question, because even assuming *arguendo* that this action involves claim-splitting, consolidation, rather than dismissal, is the appropriate remedy. The cases the defendants cite are distinguishable from this action. For example, the court in *Smith* was tasked with ruling on a motion to dismiss a breach of contract claim that the plaintiff asserted in a second action after judgment was entered and satisfied in the first. 2012 WL 4848993, at *5. The question of consolidation was not before the court. *See generally id.* Naturally, the court found that "allowing Plaintiff to proceed with a second breach of contract claim arising from the Employment Agreement when she

---

[1] These cited cases apply state law in the second action *if the first court was sitting in diversity*. But the 2025 Action is before the court on original jurisdiction over the two federal claims of

misappropriation of trade secrets and passing off. Therefore, this is not a scenario where the first court was sitting in diversity.

could have brought that claim along with her earlier breach of contract claim arising from the Employment Agreement would disserve the goals of efficiency and judicial economy which res judicata aims to promote." *Id*. at *6.

In *Sensormatic Sec. Corp.*, the district court denied the plaintiff's motion for leave to amend its complaint in its original action for failure to show good cause. 273 F. App'x at 260. Consequently, the plaintiff filed a second suit asserting, among others, the claim it sought to add to the complaint in the other action. *Id*. The Fourth Circuit Court of Appeals affirmed the district court's dismissal of the duplicative claim in the second action as improper claim-splitting. *Id*. at 265. The plaintiff had "sought to circumvent the *Sensormatic I* court's decision to deny [its] motion for leave to file an amended complaint," and the claims were "on the same subject in the same court, against the same defendant at the same time." *Id. See also Brightview Grp., LP v. Glynn*, No. SAG-21-3027, 2022 WL 743937, at *11 (D. Md. Mar. 11, 2022) (dismissing the second action for claim-splitting, rather than consolidating the two actions, where the plaintiff "declined [to seek leave to amend the complaint in the first action] for more than a year, during which time the parties fully briefed dispositive motions that were resolved by th[e] Court, commenced settlement negotiations, closed the case, reopened the case, and agreed upon a schedule for trial").

Here, USConnect is not circumventing an adverse ruling by filing this action. While it delayed in doing so once it discovered the defendants' additional conduct, that delay was only a few months. The 2025 Action is still at the motion to dismiss stage. As such, the court has yet to enter a discovery scheduling order governing the procedural timing of the case. Accordingly, dismissal of this action is not warranted.

Therefore, the Court should deny the defendants' motion to dismiss.

### B. Consolidation is warranted.

When actions "involve a common question of law or fact," as these actions do, Rule 42(a) of the Federal Rules of Civil Procedure provides the court with several options. "[T]he court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Here, USConnect identifies several common questions of fact between the two actions. *See* Mem. in Supp. of Pl.'s Mot. to Consolidate ("Mem. in Supp. of Mot. to Consolidate"), Docket Entry 12. In the 2025 Action,

the factfinder will be required to determine, among other things, that the parties agreed to the Master Services

4

Agreement ("MSA"); that Defendants unlawfully used USConnect's technology, network, and other confidential information and intellectual property (to which they gained access pursuant to the MSA); and that Defendants had interactions with USConnect's Affiliates that violate the MSA or are otherwise unlawful.

*Id*. at 1-2 (internal citations omitted).

Similarly, the [2026 Action] will require the factfinder to resolve, among other things, whether Defendants sold the Integrated Products (i.e. whether the products sold were the actual Integrated Products) without reporting such sales to USConnect thereby depriving USConnect of its share of the monthly service fee in violation of the MSA; and whether Defendants interacted with USConnect's Affiliates and Operators outside of the MSA by selling and servicing Integrated Products without reporting same to USConnect.

*Id*. at 2 (internal citations omitted). The defendants do not dispute these similarities. *See generally* Defs.' Resp. to Pl. USConnect, LLC's Mot. to Consolidate ("Resp. to Mot. to Consolidate"), Docket Entry 16.

Whether to consolidate actions or permit them to proceed separately (if claim-splitting is not a bar to the second action) turns on several factors, including "'whether the specific risks of prejudice and possible confusion' from consolidation 'were overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial records posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)). USConnect addressed these factors in support of its motion, *see* Mem. in Supp. of Mot. to Consolidate at 3, but the defendants made no mention of them, *see generally* Resp. to Mot. to Consolidate.

At the June 10 hearing, in response to the Court's inquiry, defense counsel contended that consolidation would prejudice the defendants because the matters would proceed on two separate tracks with separate pleadings, USConnect would seek discovery on this action if the court consolidated the matters before ruling on the motion to dismiss, and one action could be on appeal for summary judgment while the other proceeded to trial. Indeed, as the United States Supreme Court recognizes, "'consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single case, or change the rights of the

5

parties . . . ." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)).

However, the other factors – burden on witnesses and court resources, expense, and time – outweigh any purported prejudice from consolidation to the defendants.[2] Consolidation permits the cases to proceed with discovery in both actions at the same time. Coordinating discovery eases the burden on witnesses. And consolidation affords the court greater ability to manage its docket efficiently.

III.  CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Court **DENY** the defendants' motion to dismiss;

**IT IS FURTHER RECOMMENDED** that the Court **GRANT** USConnect's motion to consolidate 1:25CV692 and 1:26CV174.

This, the 22nd day of June, 2026.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

---

[2] USConnect does not identify any risk of inconsistent verdicts were the cases not consolidated. *See* Mem. in Supp. of Mot. to Consolidate at 3.